George F. SHEPPARD, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 28812.

Missouri Court of Appeals, Kansas City District.

Dec. 27, 1977.

Clifford A. Cohen, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Frank J. Murphy, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., SWOFFORD, C. J., and DIXON, J.

SWOFFORD, Chief Judge.

This is an appeal from an order of the court below overruling appellant's motion filed pursuant to Rule 27.26 V.A.M.R. following his sentence of ten (10) years upon a plea of guilty, to the charge of Robbery First Degree.

■ While the appellant's Rule 27.26 motion alleged the basic invalidity of his guilty plea because he was "coerced" to enter such plea and was the victim of ineffective assistance of his retained counsel and an attempt was made to establish such charges at the evidentiary hearing on the motion, that position has been properly abandoned in this court. The record of the guilty plea proceedings is detailed and meticulously complete to show a voluntary, knowing plea of a guilty defendant and the trial court and counsel are to be commended for the care and thoroughness with which it was conducted.

The only remaining point urged on this appeal, seeking the mandate of this court setting aside the sentence and remanding the cause for resentencing, is couched in these words:

"The trial court erred in failing to set aside appellant's sentence insofar (sic) as said sentence was the result of consideration of constitutionally defective convictions."

The vague and general wording of this point requires a study of both the record and argument portion of the appellant's brief. When this is done, these facts emerge:

After the guilty plea was accepted by the trial court the sentencing was deferred awaiting a pre-sentence investigation. The report of this investigation disclosed that the appellant had several previous convictions on guilty pleas for misdemeanors and ordinance violations in some of which he received jail time. He asserted in his 27.26 motion that three of his misdemeanor convictions and resulting jail sentences were constitutionally flawed because he was not provided with counsel, did not know and was not advised that he was entitled to a jury trial, was without funds to employ counsel, was not advised that the state was required to prove the charges beyond a reasonable doubt, and that he would not have entered his guilty pleas to these charges had he known that counsel could be appointed to represent him. He asserts that by reason thereof, he was denied constitutional due process and equal protection of the law under the rule as declared in *Argersinger v. Hamlin*, 407 U.S. 25, 93 S.Ct. 2006, 32 L.Ed.2d 530 (1972), and other federal cases which hold that a defendant facing any charge which could result in incarceration has a constitutional right to counsel. He argues further that since the invalid convictions appeared in the pre-sentence investigation that the trial court considered them to enhance his sentence on the robbery, first degree charge on which he was sentenced. The record in this proceeding clearly shows that the *Argersinger* rule has no application here.

The sentencing proceedings were definitely divided into two completely separate and distinct parts. At the outset, appel-

lant's retained counsel, the appellant and his mother all made urgent pleas to the court that the appellant be placed on probation and the court considered this possibility first. During the course of this consideration the appellant's mother had stated to the court that her son had never been in any serious trouble before. The following exchange then appears on the record:

"THE COURT: Mrs. Sheppard, do I understand you to say that he hasn't been in any trouble before?

MRS. SHEPPARD: I said as far as like robbing drugstores or something.

THE COURT: You mean the first robbery in the first degree. But according to the record I have before me, the first offense was in June 1967 at which time he was fined for disturbing the peace; December 1967, he was charged with assault, also destruction of property, fighting, resisting arrest; '68, in possession of alcohol; '69, interfering with a police officer; '71, burglaries, public drunkenness, resisting arrest, assault; '72, disturbing the peace; you're aware of all charges are you not, going back to 1967?

MRS. SHEPPARD: I didn't know that."

During that portion of the hearing on the possibility of probation it was further admitted by the appellant that since he entered his guilty plea in the instant case he has appeared in court on a resisting arrest charge and was also charged with burglary and stealing when he was apprehended within a Revco drugstore on an occasion subsequent to his plea in the case at bar. The latter charge was dismissed by the state upon his guilty plea in this case.

At the conclusion of that portion of the sentence hearing, the following appears:

"THE COURT: Well, Mr. Sheppard, in a case of Robbery in the First Degree, except in very unusual circumstances * * * this Court does not grant probation. This is a serious offense and those who commit that sort of a crime must pay the penalty.

Now, in this instance, there was violence done by you as a part of the robbery. The report described it and your testimony at the time of your guilty plea described it, which aggravates the seriousness of the offense. You have a record of assaultive and destructive behavior going back some eight years and it's consistent and it has persisted right on down to 1971. * * * And that's why you're not a suitable candidate for probation. You have nothing in this report going for you. You have a family which you have failed and refused to support and which has either been supported by your former wife or by the taxpayers. You don't have regular employment. You don't have a conventional home life. You don't show any evidence of cooperation and the real significant aspect of probation is, at least initially, an indication by the probationer that he will be amiable to supervision and you are not. So, the Court, without any hesitation at all, rejects any possibility of considering you for probation."

The trial courts of Missouri have long had the statutory authority to grant probation, initially, upon a conviction. Sections 549.071–549.254 RSMo 1969 (as amended), and exercises broad discretion in that function. See also, Rule 27.07(c), Rules of Criminal Procedure. The statutory predicate for the exercise of this power is a finding that the prospective probationer is of "previous good character", Section 549.-071(1). Such a finding, of course, not only permits but would seem to require a court to inquire into the person's past behavior and conduct. For this purpose, the court below properly made reference to the presentence investigation report and exercised its discretion to deny probation. This court is precluded by statute from review of this order. Further, such an order does not come within the scope of the proceeding to set aside a conviction and judgment thereon. *Smith v. State*, 517 S.W.2d 148, 150[1, 2] (Mo.1974); *Green v. State*, 494 S.W.2d 356[2, 3] (Mo. banc 1973); Section 549.141 RSMo 1969.

Defendant seeks to avoid the impact of these rules pertaining to judicial proba-

tion by arguing that the denial of probation in this case was, in fact, an enhancement of the sentence based upon improper material for consideration in the sentence proceeding contained in the pre-sentence investigation. From this premise he argues that his constitutional rights were infringed. However ingenious this convoluted argument, it is not convincing and is based upon a fact assumed but completely refuted by the record, which convincingly discloses that the trial judge did not consider the report in his sentence of the defendant.

At the close of the hearing on the request for probation and the denial thereof, the following appears:

"THE COURT: * * * Now, the *next question* is what should be the term of your sentence. Again, the character of the offense and the manner in which it was committed bear weight. Serious offenses of which Robbery in the First Degree is, particularly when accompanied by an assault, one of the most serious offenses we deal with and the punishment has to be proportionate." (Emphasis added)

At the conclusion of the evidentiary hearing on the Rule 27.26 motion (held before the same judge who had passed sentence) the court noted in its findings that the defendant claimed that it had improperly considered three prior convictions in passing sentence which were claimed to be invalid and noted that:

"* * * For purposes of this motion it will be assumed that absence of counsel would render certain of the convictions included in the exhibit (abstract of pre-sentence report) defective for some purposes including enhancement of punishment.

* * * * * *

The record of the hearing indicates and *the court specifically here reaffirms* that movant's previous history of misdemeanor and ordinance violations *was considered*, together with other details in the presentence report, *only on the question of probation.*

* * * The *only factors* mentioned as *bearing on the term of sentence were the character of the offense and manner in which it was committed.* * * * The robbery committed by the movant was accompanied by an unprovoked assault on the victim. The sentence of 10 years was at the lower range of the punishment authorized by statute for the offense and is amply justified under the facts of the case without any reference to the movant's previous record.

As the sentence imposed was not enhanced by reason of prior convictions, it is unnecessary to consider movant's claim of the invalidity of such convictions as bearing on a reconsideration of sentence." (Emphasis supplied)

The court below conducted the whole proceeding in a judicial and fair manner and no abuse of discretion or error appears.

The judgment is affirmed.

All concur.