John L. SULLIVAN, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 30106.

Missouri Court of Appeals,
Western District.

April 30, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1979.

**606**

Joseph R. Borich, Collet, Borich & Derting, Kansas City, for movant-appellant.

John O. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

Appeal from order denying post conviction relief pursuant to Rule 27.26. An evidentiary hearing was held, with the trial court entering findings of fact and conclusions of law, thus adhering to the rule of *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978).

This appeal does not challenge the voluntariness of the guilty pleas to burglary and stealing, but alleges error in the trial court's failure to find ineffective assistance of counsel upon defense counsel's alleged failure to review, explain and correct the pre-sentence investigation report, error in trial court's alleged consideration of illegally obtained admissions in the sentencing procedure and error in that movant allegedly suffered cruel and unusual punishment due to the unfair judicial process by which the particular punishment was determined.

Careful reading of the transcript fails to reveal evidence to support movant's contentions and because of such, they lack merit inherently.

■ In addition and more precisely applicable to the case herein, is the rule which precludes this court from reviewing the first two contentions of movant. These two issues are precisely related to sentencing and by their very nature, do not fall within the scope or purview of Rule 27.26. See *Green v. State*, 494 S.W.2d 356 (Mo. banc 1973); *Smith v. State*, 517 S.W.2d 148 (Mo. 1974) and *Sheppard v. State*, 560 S.W.2d 347 (Mo.App.1977).

■ At the time of the hearing on the 27.26 motion, movant's counsel was granted leave to orally amend the motion. This amendment included an abstract declaration of a violation of movant's constitutional rights. Such abstract statement preserved nothing for review by this court under Rule 84.04 and unless the evidence supports some manifest injustice pursuant to Rule 27.20, there is nothing to review by this court.

A review of the evidence establishes the trial court assured movant's pleas of guilty were voluntary, that movant was granted a pre-sentence investigation, that movant was prewarned the trial court was not bound by the recommendation within the pre-sentence investigation report and that the punishment imposed was well within the maximum range affixed by statute for the particular offenses.

Movant cannot prevail under Rule 27.20 because there was, by even the most remote contention, no evidence to even intimate, let alone establish, plain error or manifest injustice.

For the reasons set forth herein, the order of the trial court is in all respects affirmed.

All concur.