**Victor CERAME, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 30353.**

Missouri Court of Appeals,
Western District.

June 29, 1979.

---

Craig A. Van Matre, Van Matre & Van Matre, Columbia, for appellant.

John D. Ashcroft, Atty. Gen., Steven Steinhilber, Asst. Atty. Gen., Jefferson City, for respondent.

Before HIGGINS, Special Judge, Presiding, SWOFFORD, C. J., and WELBORN, Special Judge.

ROBERT R. WELBORN, Special Judge.

Appeal from denial of relief, after hearing, in Rule 27.26 proceeding.

On January 7, 1977, Victor Cerame was sentenced on a plea of guilty in the Boone County Circuit Court to concurrent 14-year sentences on two charges of illegal sales of a controlled substance. On January 25, 1978, Cerame filed a motion in that court under Rule 27.26 to vacate the sentences. The motion was later supplemented by movant's appointed attorney. A hearing was held on the motion on June 9, 1978. On June 28, 1978, the judge entered findings of fact and conclusions of law adverse to movant and denied the relief sought. This appeal followed.

In this court, three assignments of error are advanced by appellant. He first contends that the trial court erred in overruling his motion because, in accepting his guilty pleas, the court failed to inquire as to the factual basis surrounding the pleas. He complains that the court's inquiry at the acceptance of the pleas was "perfunctory" and only directed at the ultimate facts, without regard for the surrounding circumstances.

The interrogation by the court at the acceptance of the guilty pleas went as follows:

"Q (By the Court) Mr. Cerame, do you understand in the Case Number 665, the State has alleged on the 8th day of August you, while acting together with another individual, here in Boone County, sold a controlled substance, a Schedule I substance, heroin, and it was sold for, and in exchange of lawful currency of the United States, do you understand what you're charged with?

"A Yes.

"Q Did you in fact on that date, transfer a substance which you believed to be heroin?

"A Yes.

"Q Did you in fact receive money for the transfer?

"A Yes.

"Q Likewise, as to Case Number 656, in Count II, it is alleged on the 17th day of June, of this last year, you acting by yourself, sold a controlled substance, again heroin, and it was sold for and in exchange for lawful currency of the United States, did you in fact on that date transfer a substance that you believed to be heroin?

"A Yes.

"Q And did you in fact receive currency in exchange therefore [sic]?

"A Yes."

Appellant now complains that a more detailed inquiry by the court would have brought out the facts, testified to by Cerame at the 27.26 hearing, concerning the June 17 transaction. Cerame testified that, at the time of that transaction, he was "laying on the kitchen floor," under the influence of heroin, at a house in Columbia. Two undercover policemen entered the house, inquired whether movant was "all right," picked up bags of heroin on the kitchen table, left $100 in cash and departed. On cross-examination, Cerame admitted that two days before the transaction he had arranged for the officers to pick up heroin for them to sample.

Appellant contends that, had the trial court conducted a more thorough inquiry and brought this version of the transaction to light at the time of the guilty plea, the court could not have accepted the plea, at least as to that offense, because appellant " * * * according to his version of the facts, did not directly participate in the sale of a schedule 1 controlled substance. Appellant also testified to facts indicating that the potential defense of entrapment would have been available to Appellant."

The appellant admitted facts sufficient to constitute the offenses to which he pleaded guilty. His answers demonstrated an awareness of the nature and elements of the offenses with which he was charged. See *Giles v. State*, 562 S.W.2d 106, 109[2] (Mo.App.1977). The trial court was not required to explain each and every detail to appellant. The decisive question is whether or not the plea was in fact intelligently and voluntarily made. *McMahon v. State*, 569 S.W.2d 753, 758[1–4] (Mo. banc 1978). The trial court did ask appellant whether or not he understood the defense of entrapment and appellant replied affirmatively. Appellant's testimony at the 27.26 hearing produced no facts showing a valid defense on that ground. No occasion for inquiry into appellant's mental state at the time of the transaction appeared from the course of the interrogation at the time of the guilty plea.

The trial court's inquiry at the time of acceptance of the plea was adequate to demonstrate an understanding and intelligent act on the part of appellant in pleading guilty. The trial court was not obliged to accept appellant's statement on the 27.26 hearing that he would not have pleaded guilty had he been aware of potential affirmative defenses in the event of a trial of the case. The trial court found appellant totally lacking in credibility as to his contention that his plea was less than voluntary. This court will not disregard that finding.

Appellant's second contention is that he was denied effective assistance of counsel because his appointed counsel failed to advise him of his potential defense of entrapment and as to the mandate of Section 195.221, RSMo 1975 Supp. The trial court found that appellant's claim of ineffective assistance of counsel was refuted by the transcript and by the testimony of William Mays, the public defender who represented appellant at the time of the pleas. Mays testified that he discussed the possibility of asserting an entrapment defense with appellant. Appellant acknowledged at the time of the plea that he was familiar with the defense of entrapment. The trial court obviously believed these statements rather than appellant's assertion on the 27.26 hearing that Mays did not advise him as to the possible defense of entrapment.

As to the matter of Section 195.221, Mays acknowledged that he was unaware of that provision and obviously could not have advised appellant concerning it. Section 195.-221 provides:

"Notwithstanding section 549.275, RSMo, if the board of probation and parole releases any person from a state penal institution who was convicted of selling, giving, or delivering a controlled substance as defined in this chapter, the period of parole shall be for not less than the completion of the original sentence plus five years. If, however, he is found to have violated the conditions of his parole, he shall be recommitted to confinement by the department of corrections for the remainder of the term set by the original sentence from which he was paroled."

Appellant testified that his plea of guilty was premised upon the idea that by accepting the 14-year term of imprisonment, his obligation to the State of Missouri would not exceed 14 years. When he reached the prison, he received a pamphlet which advised him concerning Section 195.221. He testified at the 27.26 hearing that, had he known of the requirement that his period of parole, should he receive one, would extend five years beyond the 14-year period, he would not have pleaded guilty.

Inasmuch as appellant is relying upon inadequacy of counsel as the basis for relief, the question is whether or not the advice of counsel was within the range of competence demanded of attorneys in criminal cases. *State v. Nielsen*, 547 S.W.2d 153, 159[6] (Mo.App.1977). In mitigation of counsel's lack of knowledge of Section 195.-221, it may be noted that, for some not readily apparent reason, both the official supplement to the Missouri Revised Statutes (RSMo Supp.1975) and Vernon's Annotated Missouri Statutes have placed Section 195.221 as the first section under a subheading "Hallucinogenic, Hypnotic, Somni-

facient and Stimulating Drugs." No such sub-heading appeared in the enactment which encompassed Section 195.221. Laws of Mo. 1971–1972, pp. 237, 259.

In view of the contingent application of Section 195.221, its coming into play only if a parole should be granted, the failure to inform appellant concerning it did not render his plea unintelligent or involuntary. Perfection and omniscience are not the applicable tests. *Baker v. State*, 524 S.W.2d 144, 147[1–3] (Mo.App.1975); *State v. Nielsen*, supra. Appellant did not consider the failure of counsel in this regard significant enough to include it in his detailed pro se complaints. The advice and assistance given was within the range of competence and the trial court did not err in denying relief on this ground.

Appellant finally complains that the prosecutor was guilty of "prosecutional misconduct" by threatening to charge appellant as a second offender on the basis of a conviction in the State of New York of "attempted possession of a dangerous drug, 4th degree." Appellant contends that such conviction would not have constituted a prior offense within the meaning of either Section 556.280, RSMo 1969, or Section 195.-200, subd. 1(5), RSMo 1975 Supp., and, therefore, appellant was coerced into pleading guilty.

In plea bargaining discussion, the prosecutor indicated that he would recommend a punishment of 10 years' imprisonment if appellant pleaded guilty to the charges. Later, the prosecutor received information that appellant had been convicted in New York of attempted possession of a dangerous drug, 4th degree. The prosecutor then said that, in view of this conviction, he would recommend a 14-year sentence on a plea of guilty. According to appellant he accepted the 14-year offer because of the threat that he would be prosecuted as a "second offender" if he failed to do so.

In this court, appellant offers no authority in support of his contention that the New York offense would not have been cognizable under either Section 556.280 or Section 195.200, subd. 1(5). Such contention ignores the language of both of such sections. Under Section 195.200, subd. 1(5), the enhanced punishment there provided becomes applicable upon conviction for sale of a controlled substance under Schedules I or II "if the offender has previously been convicted of any felony violation of the laws * * * of any state * * * relating to controlled substances * * * ." The prosecutor was informed that the New York conviction was for a felony. Appellant, except for his assertion that he did not consider it a conviction, makes no attempt to demonstrate otherwise.

Likewise, Section 556.280 contemplates conviction for attempt as a prior conviction under that section where the completed offense would have been punishable by imprisonment in the penitentiary. "Under this provision, where the prior conviction is for an attempt to commit a particular offense, the test is not what punishment is prescribed in the statute for the attempt, but rather the punishment applicable if the offense attempted had been perpetrated." *State v. Bosler*, 432 S.W.2d 237, 239[3, 4] (Mo.1968). See also *State v. Higgins*, 568 S.W.2d 552, 554[5] (Mo.App.1978).

There is no need to determine the effect of the New York conviction. It is sufficient to say that the prosecutor is not to be convicted of "prosecutional misconduct" by reason of his reliance upon it as a prior conviction which might be the basis for enhanced punishment.

Judgment affirmed.

All concur.