Jerry Lynn PARKER, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 11900.

Missouri Court of Appeals,
Southern District,
Division Two.

April 13, 1981.

Terry Daley, Rolla, for movant-appellant.

John D. Ashcroft, Atty. Gen., Jay D. Haden, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Presiding Judge.

Movant appeals from a denial of his motion for postconviction relief under Rule 27.26, V.A.M.R. He was convicted of two charges of first-degree murder, which were affirmed in *State v. Parker*, 509 S.W.2d 67 (Mo.1974). Our review is limited to determining if the findings and conclusions of the trial court are clearly erroneous. Rule 27.26(j), V.A.M.R.; *Cave v. State*, 585 S.W.2d 149, 150 (Mo.App.1979).

Movant has four points relied on. His first point contends that the trial court erred in failing to make "sufficient" findings of fact and conclusions of law on all issues as required by Rule 27.26(i), V.A.M.R. The findings are sufficient if they permit us

to ascertain whether the findings of fact, the conclusions of law, and the judgment are clearly erroneous. *Trimble v. State*, 588 S.W.2d 168, 170 (Mo.App.1979); *Bradley v. State*, 564 S.W.2d 940, 943 (Mo.App.1978). We believe that the court's findings met this test. Point one is denied.

Point two contends that the trial court erred in denying movant's motion as he did not receive an impartial criminal trial because the jury was not sequestered. Movant's mother testified that she saw a juror "talking" with the Washington County sheriff, a state witness, as they walked into the courthouse "one morning". She did not know what they talked about. She said she informed her son's attorney after seeing this. The sheriff did not recall talking to any jurors. The trial court found that the jury was allowed to separate during the trial until the case was submitted to them without objection of movant or his counsel. This finding was supported by the record and no complaint is made of it. The court also determined that the contention under this point is not a proper ground for relief in a 27.26 motion. We agree, at least where, as here, the evidence showed that movant's counsel was aware of the claimed conversation. An allegation that a meeting occurred between a juror and a prosecuting witness during trial is trial error and outside the scope of a motion under Rule 27.26. *Milentz v. State*, 545 S.W.2d 688, 690 (Mo. App.1976). A party who claims misconduct affecting a juror is required to call such fact to the court's attention as soon as he learns of it and has an opportunity to do so. *State v. Robbins*, 455 S.W.2d 24, 27 (Mo. App.1970). In order to successfully complain after trial he must show that he and his counsel were not aware of the infraction until after the trial was over. Id. There was no attempt here to show that movant and his counsel were unaware of the alleged conversation and movant presented evidence that his counsel was made aware of it during trial. Point two is denied.

In point three movant contends that the trial court erred in not granting his motion because his hired attorney "rendered ineffective assistance which denied movant a fair trial". As movant's point does not specifically set forth the manner in which counsel was ineffective, it does not preserve anything for our review. See *Riley v. State*, 545 S.W.2d 711, 712 (Mo.App. 1976). Nevertheless, our examination of the record before us convinces us that this point has no merit. The burden upon appellant to show ineffective assistance of counsel is a heavy one and is not met unless it is clearly demonstrated that the acts of counsel went beyond errors of judgment or trial strategy and became of such character as to result in substantial deprivation of movant's right to a fair trial. *Covington v. State*, 600 S.W.2d 186, 189 (Mo.App.1980); *Cole v. State*, 573 S.W.2d 397, 401 (Mo.App. 1978). We cannot say that the trial court's finding that movant did not meet his burden of proof on this issue was clearly erroneous. Point three is denied.

We now consider movant's fourth point. He contends that the trial court erred in denying him relief because the state at his criminal trial "knowingly used perjured testimony which was damaging to movant and resulted in an unfair trial." This point was not discussed in the argument portion of movant's brief and is thus deemed abandoned. Rule 84.04(e); *State v. Heitman*, 473 S.W.2d 722, 728 (Mo.1971). We note gratuitously that this contention could not entitle movant to prevail here. Movant testified that the testimony of two witnesses was not true but each of the witnesses testified that they told the truth. Weighing the evidence and assessing the credibility of witnesses was for the trial court. *Trimble v. State*, supra, 588 S.W.2d at 170; *Baysinger v. State*, 552 S.W.2d 359 (Mo.App.1977). Point four is denied.

The judgment is affirmed.

All concur.