**Barry T. McINTOSH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 31713.**

Missouri Court of Appeals, Western District.

Dec. 15, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Jan. 19, 1982.

---

Gerald M. Handley, Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Catheryn B. Starke, Asst. Atty. Gen., Kansas City, for respondent.

Before MANFORD, P. J., WASSERSTROM, C. J., and NUGENT, J.

NUGENT, Judge.

This is an appeal by Barry T. McIntosh (hereinafter referred to as the defendant) from a judgment denying without hearing his Rule 27.26 motion to vacate his conviction and the sentences imposed upon him after his June 4, 1979, pleas to two counts of burglary and two counts of stealing, class C felonies. We affirm the judgment.

Defendant was charged in two informations with the April 4, 1979, burglary of two neighboring houses and stealing property of a value over $150 from each such house. The record shows that on June 4 in open court and under oath the defendant admitted the burglaries and testified that he was arrested on a nearby street a few minutes after the thefts and was found to be in possession of property stolen from the two houses.

At the beginning of the change of plea proceedings on June 4, the prosecutor announced to the court that a plea bargain had been struck. Defendant was to plead guilty to all four counts and the prosecution was to recommend concurrent seven-year sentences on each. Defense counsel and the defendant acknowledged the agreement. The record also indicates that before the pleas were tendered defendant had also been charged in the two cases as a persistent offender.[1] Defendant acknowledged to the court at the time he changed his pleas to guilty that he was aware of the persistent offender charges and that each such charge exposed him to an enhanced sentence of fifteen years as contrasted with the seven-year maximum punishment for class C felonies. He also knew, however, that according to his plea bargain, which the court accepted that day, he limited his exposure to four concurrent seven-year terms.

Although he stated that he understood that the state was going to persist in its sentence recommendation pursuant to the plea bargain regardless of what the presentence report said, defendant nevertheless requested a presentence investigation.

On the basis of lengthy examinations of defendant in the court's presence by the prosecutor and defendant's lawyer, the court found defendant's pleas to be knowingly, understandingly and voluntarily entered and that a sufficient factual basis existed for them. A presentence investigation was ordered. The court specifically accepted the plea bargain and found that the defendant stated that he understood the agreement.

▆▆▆ The action of the trial court in denying defendant's Rule 27.26 motion without an evidentiary hearing will not be reversed unless the reviewing court finds it to have been clearly erroneous, Rule 27.-26(j), that is, that the reviewing court is definitely and firmly convinced that the trial court has made a mistake. *McCaskill v. State*, 579 S.W.2d 760 (Mo.App.1979). Here the trial court had before it a transcript of the June 4 proceedings. After a plea of guilty the trial court may rule a Rule 27.26 motion without an evidentiary hearing (1) if the movant has pleaded conclusions rather than facts which, if true, would warrant relief, or (2) if the allegations of the motion are refuted by a record which establishes that the defendant voluntarily and knowingly entered a plea of guilty, or (3) the matters complained of were not prejudicial to the defendant. *Rice v. State*, 585 S.W.2d 488 (Mo.1979) (en banc); *Haliburton v. State*, 546 S.W.2d 771 (Mo.App.1977).

On appeal defendant contends in his sole point that the trial court erred in denying his motion without an evidentiary hearing. His amended Rule 27.26 motion lists eight allegations which pertain to two basic issues: (1) ineffectiveness of counsel at the sentencing procedure, particularly with regard to the presentence investigation, and (2) ineffectiveness of counsel resulting in an involuntary plea of guilty.

▆▆▆ The contentions of the defendant regarding any alleged error or deficiency of

---

1. This court is aware of at least one of defendant's prior convictions on a 1976 house burgla-ry charge. *See State v. McIntosh*, 559 S.W.2d 606 (Mo.App.1977).

his counsel during the sentencing process do not fall within the scope or purview of Rule 27.26. *Smith v. State,* 517 S.W.2d 148 (Mo. 1974); *Sullivan v. State,* 584 S.W.2d 605 (Mo.App.1979). Therefore, since the defendant was not entitled to Rule 27.26 relief upon that ground, we find that the trial court did not abuse its discretion in denying him an evidentiary hearing regarding counsel's conduct pertaining to sentencing. Moreover, except to the extent that defendant's counsel's incompetence bears upon the voluntariness of his plea of guilty, the question of counsel's inadequacy, for example at or preparatory to the sentencing appearance, is immaterial. *Barylski v. State,* 473 S.W.2d 399, 402 (Mo.1971); *Parks v. State,* 518 S.W.2d 181, 184 (Mo.App.1974); *Williams v. State,* 508 S.W.2d 211, 212 (Mo.App. 1974).

■ In any event, these contentions appear frivolous in light of the fact that the trial judge accepted a plea bargain in which the defendant and the state agreed, prior to the presentence investigation, that, no matter what the results of the P.S.I. were, the state would recommend the sentence that the judge subsequently imposed. The defendant, as well as the state, is bound by his bargain. *Brown v. State,* 607 S.W.2d 801, 804 (Mo.App.1980). To paraphrase Gertrude Stein, a plea bargain is a plea bargain is a plea bargain.

■ The balance of the defendant's allegations relate to contentions that ineffective assistance of counsel affected the voluntariness of his guilty plea. In reviewing the defendant's pleading we are guided by Missouri's Supreme Court in *Jackson v. State,* 585 S.W.2d 495, 497 (1979), where the court held that:

> To be entitled to an evidentiary hearing, a 27.26 movant must plead facts, not conclusions, which if true would entitle him to relief; and in a case such as this, only facts which tend to refute the legality of the plea are relevant. If the record conclusively substantiates that movant did in fact knowingly and voluntarily enter a plea of guilty, denial of an evidentiary hearing is proper. (Citations omitted.)

Therefore, the defendant's allegation that his counsel lacked "adequate experience as a Criminal Trial Attorney so as to render him effective assistance of counsel at his Plea and Sentencing Proceeding" is a conclusion and not subject to our review.

■ Similarly, his contention that his "plea of guilty was arrived at by way of duress and coercion in that counsel had not informed movant of the consequences of his guilty plea nor of the alternatives available under the circumstances" is vague and leaves this court with no facts to review. In addition, this court held in *Richter v. State,* 597 S.W.2d 683, 684 (Mo.App.1980), that the law does not require "that the defendant have a thorough legal education and be instructed in all the refinements of the offense in order to enter a guilty plea that will stick." Nor do we know of any Missouri law or precedent which requires that the defendant be instructed in the collateral consequences of his guilty plea in order for the plea to "stick".

Finally, defendant complains that his counsel inadequately advised him of changes in the Missouri Criminal Code which affect release time and mandatory parole.

■ The Criminal Code under which defendant was charged, convicted and sentenced became effective January 1, 1979, before the April 4 offenses were committed. For purposes of this case, therefore, no change occurred in the code; the code in effect on April 4 was in effect on June 4 when defendant changed his pleas to guilty. Defendant's exposure on June 4 when he entered his pleas of guilty was the same as on the day he committed the offenses. He has cited no authority and we know of none that requires that he be advised by either his counsel or the court as to the developments and changes in the law of crimes and punishments since his last acquaintance with the law. Whether you call that notion a "can of worms", a "floodgate" or a "Pandora's box", we are not going to open it.

In any event, such changes affecting the time of a convicted prisoner's release or

mandatory parole as were wrought by the new Missouri Criminal Code at the most only changed the collateral consequences of defendant's pleas.[2]

■ In *Boykin v. Alabama*, 395 U.S. 238, 243–44, 89 S.Ct. 1709, 1712–13, 23 L.Ed.2d 274, 279–80 (1969), the Supreme Court addressed the standard to be applied to determine the voluntariness of a plea of guilty:

Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth.... Second, is the right to trial by jury.... Third, is the right to confront one's accusers.... We cannot presume a waiver of these three important federal rights from a silent record.

What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought ..., and forestalls the spinoff of collateral proceedings that seek to probe murky memories. (Citations and footnotes omitted.)

The record in the instant case supports the conclusion that this defendant voluntarily entered into pleas of guilty.

2. Moreover, the changes in the Criminal Code actually benefit the defendant as much as or more than they adversely affect him. Under the old three-fourths rule (§ 216.355, RSMo. 1969), he could have served sixty-three months. Under the new code (§ 558.011, RSMo.1978), he will serve only fifty-six months in prison before mandatory release. In addition, § 558.-011–4 provides:

4. (1) A sentence of imprisonment for a term of years shall consist of a prison term and a conditional release term. The conditional release term of any term imposed under section 557.036, RSMo, shall be:

(a) One-third for terms of nine years or less;

(b) Three years for terms between nine and fifteen years;

For the foregoing reasons, the judgment is affirmed.

All concur.

(c) Five years for terms more than fifteen years, including life imprisonment; and the prison term shall be the remainder of such term.

(2) "*Conditional release*" means the conditional discharge of a prisoner by the division of corrections, subject to conditions of release that the state board of probation and parole deems reasonable to assist the offender to lead a law-abiding life, and subject to the supervision under the state board of probation and parole. The conditions of release shall include avoidance by the offender of any other crime, federal or state, and shall prohibit technical violation of his probation and parole.