Terry Joe GREENHAW, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 12112.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 5, 1982.

David Robards, Public Defender, Joplin, for movant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Chief Judge.

A jury found the appellant guilty of first degree murder in the shotgun slaying of his estranged wife. He was sentenced to life imprisonment. His conviction was affirmed by this court. *State v. Greenhaw*, 553 S.W.2d 318 (Mo.App.1977). In this proceeding the appellant attacks that conviction by his motion under Rule 27.26. The trial court denied that motion without an evidentiary hearing. In contending the trial court erred in so doing, the appellant has presented two points for appellate review.

■ These points must be considered against a fundamental maxim applicable to the disposition of such motions. "A 27.26 movant, in order to be entitled to an evidentiary hearing, must plead facts, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts (in the record)". *Smith v. State*, 513 S.W.2d 407, 411 (Mo.banc 1974). Also see *Fields v. State*, 572 S.W.2d 477 (Mo.banc 1978); *Fletcher v. State*, 614 S.W.2d 754 (Mo.App. 1981).

■ Appellant's first point concerns the action of the state in calling a doctor as a witness in rebuttal. The doctor testified in reference to the mental condition of the appellant. His counsel made no objection to the doctor testifying. In his motion the appellant pleads he was thereby denied due process and a fair trial because the doctor "was not endorsed on the information as a rebuttal witness, and therefore movant was denied 'reciprocal discovery'". The appellant did not allege he was not provided the records available to him in connection with that witness under Rule 25.03. For a case enunciating the principle of reciprocal discovery, see *State v. Curtis*, 544 S.W.2d 580 (Mo.banc 1976). In denying this contention of the appellant, the trial court found the state was not required to endorse the name of a rebuttal witness. The appellant now asserts this finding of the trial court did not deal with the "real issue" of reciprocal discovery. A supplemental transcript filed in this court shows that in fact the name of the doctor was endorsed on the information. Therefore, his motion did not contain factual allegations which would entitle the appellant to relief "not refuted by facts (in the record)". *Smith*, supra, p. 411. As there is sufficient information in the legal file and transcript before this court to determine the action of the trial court was correct, it is not necessary to remand this case for the

trial court to assign a correct basis for its action. *Hudson v. State*, 612 S.W.2d 375 (Mo.App.1980). Also see *Shepherd v. State*, 612 S.W.2d 384 (Mo.App.1981).

By the second point in his brief the appellant asserts the trial court erred in denying him an evidentiary hearing "because the file and records in the case do not conclusively show that the defendant is entitled to no relief on his claims of ineffectiveness". A Rule 27.26 motion must plead a factual basis by which the charge of ineffective counsel can be proved, including the source and nature of the facts rather than conclusions. *Fletcher v. State*, supra. It is difficult to visualize a more conclusionary statement in violation of Rule 30.06. However, the motion and brief have been carefully considered to determine upon what basis the appellant contends the motion alleged facts, not conclusions, of ineffective assistance of counsel. Such consideration reveals the appellant presents three arguments of such ineffectiveness.

He first contends he was entitled to an evidentiary hearing because the motion alleged his counsel was ineffective in not objecting to the rebuttal testimony of the doctor referred to above. He further alleged counsel was ineffective because the name of the doctor was not endorsed upon the information. The records conclusively show that such name was endorsed and this claim of ineffectiveness fails.

The appellant next contends he was entitled to an evidentiary hearing because his motion alleged counsel "did not request the trial court to instruct the jury on 'diminished mental responsibility' in accordance with the *State v. Anderson* decision". In that portion of the form for the motion in which appellant was directed to "[s]tate concisely ... the facts which support each of the grounds" he stated. "From the trial transcript, it is evident that there was evidence from which a jury could have found that the movant was lacking a state of mind required for conviction of higher forms of homicide so as to require the trial court to instruct on manslaughter and in accordance with Sec. 552.030(3)(1)." The sufficiency of these allegations is subject to question for many reasons. However, the fundamental principle applicable to motions under Rule 27.26 establishes that the trial court did not err. As noted, to be entitled to an evidentiary hearing, the appellant was required to "plead facts, not conclusions, which would entitle him to relief ...". Counsel could be ineffective for not requesting an instruction only if there was evidence to support that instruction. To state facts which would entitle him to relief in this connection it was necessary that the appellant state in some form the evidence that would have supported an instruction on diminished responsibility. The trial court was not required to search the transcript, which in considering the motion was not before him, to determine if that evidence was in existence. The statement there was evidence from which a jury could have found movant was lacking a given state of mind is a conclusion, not facts and did not require an evidentiary hearing.

Lastly, the appellant argues that he was entitled to an evidentiary hearing because he alleged "[i]t is equally clear from the record that counsel for defense had made no independent investigation, had not spoken with the psychologist, psychiatrist, nurses, nor anyone else, responsible for performing and/or writing the results of examinations administered at Fulton State Mental Institution." He further argues that this claim of ineffectiveness must be considered in connection with his claim that he had requested counsel to call as witnesses each of the psychologists and student psychologists who administered psychiatric examinations to him and informed counsel that they would give testimony favorable to his defense of mental disease or defect, but that counsel failed to do so.

It is sufficient to note that in neither allegation is there the name of a witness or a hint of any specific information possessed by or which would be testified to by any individual. There is no need to belabor this argument as the standard applicable to such a claim of ineffectiveness

has been succinctly expressed. "The claim that an attorney's investigation of a case is inadequate must allege what specific information the attorney failed to discover, that reasonable investigation would have disclosed that information, and that the information would have aided or improved appellant's position. Failure to make such specific allegations renders a 27.26 motion vulnerable to denial without an evidentiary hearing under the *Smith* standard because the motion fails to allege facts which entitle movant to relief." *Rice v. State*, 585 S.W.2d 488, 493 (Mo.banc 1979) (citations omitted). Also see *Burns v. State*, 601 S.W.2d 633 (Mo.App.1980); *Charles v. State*, 570 S.W.2d 700 (Mo.App.1978).

As a parting argument the appellant asserts the judgment must be reversed because the trial court did not make sufficient findings in reference to the latter aspect of his claim of ineffectiveness of counsel. If that was the case, which it is not, that would not be a cause for reversal. The latter claim of ineffectiveness asserted in the brief was not set forth in the motion as a separate ground for vacating, setting aside or correcting his conviction and sentence. It was added as a part of the grounds that counsel was ineffective for going to trial upon the agreement of the state to furnish certain test results during the course of the trial. It was not necessary that the trial court make specific findings upon every disjointed, random statement contained in the eight pages of appellant's nine claims for vacating, setting aside or correcting his conviction and sentence. Further, the trial court after dealing with each of those nine claims found "that all of movant's claims may be disposed of either as questions of law, or from the Court's record, or from the opinion of the appellate court when the case went up on appeal. There are no allegations of fact which require an evidentiary hearing". That is sufficient. *Lane v. State*, 611 S.W.2d 44 (Mo. App.1981). The judgment of the trial court is affirmed.

PREWITT, P. J., and HOGAN and BILLINGS, JJ., concur.