**Wilbur LEWIS, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD33753.**

Missouri Court of Appeals,
Western District.

April 5, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied May 3, 1983.

Application to Transfer Denied
May 31, 1983.

Charles E. Atwell, Koenigsdorf, Kusnetzky, Wyrsch & Stites, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Maureen E. Laflin, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P.J., and TURNAGE and CLARK, JJ.

WASSERSTROM, Presiding Judge.

Wilbur Lewis, Jr., instituted this proceeding under Rule 27.26 to set aside a conviction and sentence entered against him pursuant to a plea of guilty. He appeals from an order of the trial court denying that motion. We hold: (1) the information was sufficient as against Lewis' contention that the information failed to adequately allege his state of mental culpability; (2) Lewis' counsel was not ineffective and his plea was not entered unintelligently on the ground that he was not advised with respect to the Missouri Statute on conditional release; and (3) his trial counsel was not ineffective nor was his plea unintelligent on the ground that he was misled concerning the effect which the plea would have on his right to make bail on appeal from a prior conviction.

I.

*Sufficiency of the Information*

■ The pertinent portion of the information alleged as follows:

"The Prosecuting Attorney of the County of Jackson, State of Missouri, charges that, the defendant, Wilbur Lewis in violation of Section 569.030, R.S.Mo., committed the class B felony of Robbery in the Second Degree punishable upon conviction under Sections 558.011.1(2), R.S.Mo., in that on or about the 13 day of November, 1979, in the County of Jackson, State of Missouri, the defendant, Wilbur Lewis, either acting alone or knowingly in concert with another, forcibly stole Jewelry and I.D., owned by Terry Driver."

Lewis complains that the above quoted allegation fails to set out the nature of his culpable mental state, especially whether the State intended to prove that he acted purposely, knowingly or recklessly.

The information alleges that Lewis "forcibly stole" certain items. The quoted phrase is defined in Section 569.010 [1]:

"As used in this chapter the following terms mean:

(1) 'Forcibly steals', a person 'forcibly steals', and thereby commits robbery, when, in the course of stealing, as defined in section 570.030, RSMo, he uses or threatens the immediate use of physical force upon another person for the purpose of:

(a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or

(b) Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft."

Acts meeting that definition amount to acting "purposely" as the latter term is defined in Section 562.016–2: "A person 'acts purposely', or with purpose, with respect to his conduct or to a result thereof when it is his conscious object to engage in that conduct or to cause that result."

In any event, the sufficiency of the information is governed by Rule 23.01. The portion of that rule here pertinent is 23.-01(b)–2 which requires that the information "[s]tate plainly, concisely and definitely the essential facts constituting the offense charged." The same rule then goes on to provide in subparagraph (e): "All indictments or informations which are substantially consistent with the forms of indictments or informations which have been approved by this Court shall be deemed to comply with the requirements of this Rule 23.01(b)."

The information here precisely follows MACH–CR 23.04. Therefore, under the provisions of Rule 23.01(e), the information is sufficient.

II.

*Conditional Release*

■ Lewis complains next that his trial counsel did not explain to him the conditional release provisions of Section 558.011. That section provides that a convict may be released at a time short of his full term of

---

1. All sectional references in this opinion refer to RSMo 1978.

imprisonment subject to conditions set by the state board of probation and parole. It is difficult to understand how Lewis could have been prejudiced by the claimed lack of explanation. The conditional release provisions of Section 558.011 could only have been a benefit to him, not a disadvantage. A full explanation of the conditional release provisions therefore would hardly tend to deter him from entering a guilty plea, but rather would constitute an encouragement to do so.

Regardless of that, this argument by Lewis is answered by *Cerame v. State,* 584 S.W.2d 174 (Mo.App.1979). In that case, the defendant had been convicted of a narcotics offense, and in a 27.26 proceeding he complained that it had not been explained that any parole which he might receive would extend for the period of the prison term plus an additional five years. This court rejected that complaint as follows: "In view of the contingent application of Section 195.221, its coming into play only if a parole should be granted, the failure to inform appellant concerning it did not render his plea unintelligent or involuntary."

In connection with this point, Lewis cites and attempts to rely upon certain Illinois decisions holding that a defendant pleading guilty is entitled to receive an explanation of the Illinois "mandatory parole" statute which provides that upon any parole release, the parolee shall remain under supervision for the remainder of his prison term plus an additional probationary period thereafter. The Illinois statute in question differs radically from the Missouri statute under consideration, and the Illinois decisions thereunder are not in point here.

### III.

*Right to Make Bail*

■ Lewis contends next that his trial counsel erroneously informed him that the guilty plea would have no adverse effect upon Lewis being able to make bail in connection with a prior conviction as to which he had an appeal pending. Lewis offered evidence at the 27.26 hearing that at the time he entered his guilty plea here, his girl friend and another individual were engaged in trying to arrange a bail bond for the appeal mentioned. He offered no evidence, however, tending to show that such arrangements had been or could be made. Absent such a showing, the alleged error by trial counsel had no prejudicial effect and therefore cannot be a proper basis for relief in this proceeding. *Seales v. State,* 580 S.W.2d 733 (Mo. banc 1979).

Affirmed.

All concur.