**Jimmy T. DAVIS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 13634.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 16, 1984.

Motion for Rehearing or Transfer
Denied Nov. 1, 1984.

Holly G. Simons, Columbia City, for movant-appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

On July 11, 1980, movant entered a plea of guilty to two counts of the sale of a controlled substance. He was sentenced to a term of imprisonment for 15 years on each count. On August 4, 1981, the movant filed his first Rule 27.26 motion attacking these sentences. In that motion, the stated ground for relief was the failure of the court and counsel to advise the movant of the consequences of § 195.221, RSMo 1978. That section deals with the period of parole for those convicted of selling a controlled substance. Counsel was appointed. A hearing was held upon movant's request for an evidentiary hearing and the state's motion to dismiss. The trial court made extensive findings of fact and conclusions of law. In essence, it found the movant did not state a basis upon which relief could be granted. The trial court denied an evidentiary hearing and overruled and denied the Rule 27.26 motion. No appeal was taken.

On December 23, 1983, the movant filed his second Rule 27.26 motion. The second motion alleged in general terms that he was coerced into entering the plea, he did not understand his constitutional protections and his first motion was not prepared for the court to hear. With equal vagueness he added he was unaware he was being denied due process. Counsel was again appointed. After counsel representing the movant and the state were heard, the trial court denied the movant an evidentiary hearing and overruled his second Rule 27.26 motion.

The movant's first point on appeal is that he was entitled to an evidentiary hearing to determine if he was abandoned by appointed counsel in failing to appeal from the denial of his first Rule 27.26 motion. In stating this point, the movant apparently recognizes the general prohibition against successive Rule 27.26 motions. Rule 27.-26(d); *Brauch v. State*, 653 S.W.2d 380 (Mo. banc 1983). But, he attempts to prevail upon the basis delineated in *Flowers v. State*, 618 S.W.2d 655 (Mo. banc 1981). His attempt fails for two reasons.

First, in his brief he states, "appellant requested his appointed counsel to appeal the denial of his prior motion." Even though the movant does not expressly so state, he is obviously referring to counsel appointed upon his first Rule 27.26 motion. The statement is not supported by the record. The second motion in no way alleges that he desired or requested an appeal of the denial of his first motion. It in no way alleges or even suggests that he was abandoned by his first appointed counsel. Nowhere in the legal file is there anything to establish that movant requested his appointed counsel to appeal. This is in contrast to the post conviction motion in *Shepherd v. State*, 637 S.W.2d 801 (Mo. App.1982), cited by movant. In that case the motion did contain such allegations. In this case, no such issue was presented to the trial court. It will not be heard in this court. *Neal v. State*, 569 S.W.2d 388 (Mo. App.1978). "An issue not raised in the post-conviction motion and not presented to the trial court for determination will not be reviewed by the appellate court." *Ardrey v. State*, 612 S.W.2d 859, 860 (Mo.App. 1981).

The second reason is because the movant does not seek a review of the denial of his first Rule 27.26 motion. It should be noted the denial of the first motion was eminently correct. *Lewis v. State*, 650 S.W.2d 335 (Mo.App.1983); *McIntosh v. State*, 627 S.W.2d 652 (Mo.App.1981); *Cerame v. State*, 584 S.W.2d 174 (Mo.App. 1979). The movant cannot, under the guise of abandonment by counsel on his first

motion, in his second motion present grounds which could have been stated in the first motion. *Brauch v. State*, supra; *Flowers v. State*, supra. Even further, the second motion states nothing but ritualistic legal phrases. It fails to state a factual basis for relief. Even as a first Rule 27.26 motion, it would be properly denied without an evidentiary hearing. *Thomas v. State*, 605 S.W.2d 792 (Mo. banc 1980).

For his last point movant contends the trial court did not make sufficient findings of fact and conclusions of law as required by *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978) and Rule 27.26(i). His second motion presented only grounds that could have been presented in his first motion. "There is no need to remand for further findings and conclusions if those that appear in the record are sufficient for this court to make a determination as to the correctness of the trial court's action." *Jones v. State*, 604 S.W.2d 607, 609 (Mo. App.1980).

The trial court noted, or found, it was considering a second Rule 27.26 motion. In view of the allegations of the second motion, this finding was a sufficient basis for overruling that motion. The movant cannot complain of the failure of the trial court to make a finding on an issue he did not present to that court. The record is sufficient for this court to determine the action of the trial court was correct. *Greenhaw v. State*, 627 S.W.2d 103 (Mo. App.1982); *Parker v. State*, 614 S.W.2d 776 (Mo.App.1981); *Orr v. State*, 607 S.W.2d 187 (Mo.App.1980). The judgment of the trial court is affirmed.

PREWITT, C.J., HOGAN, P.J., and CROW, J., concur.

## ON MOTION FOR REHEARING OR TRANSFER

PER CURIAM:

To his motion for rehearing or transfer the movant attaches a purported copy of his letter to his lawyer on his first Rule 27.26 motion. The letter, written before that motion was decided, urged his lawyer

to appeal in the case of an adverse result. Therefore, he concludes a rehearing should be granted and the trial court reversed.

Of course, this is a totally ineffective method to present a record for consideration by an appellate court. Aside from that, the movant does not recognize the limitations delineated in the principal opinion. The existence of such a letter does not aid the movant's position.

In his second Rule 27.26 motion, the movant did not allege he was abandoned on appeal by his first counsel. He voiced no such complaint when that motion was heard and decided. That is an issue not before the trial court. A ground for relief first raised in this court cannot be considered. *Ardrey v. State*, supra. To do so would in effect permit the movant to use his brief as a third Rule 27.26 motion. This exceeds the salutary restraints placed upon such post conviction review. *Brauch v. State*, supra.

The motion for rehearing or transfer is denied.

All concur.