**414**

Jessie Lee FREEMAN,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 13754.

Missouri Court of Appeals,
Southern District,
Division Three.

April 19, 1985.

Motion for Rehearing and to Transfer to
Supreme Court Denied May 7, 1985.

Application to Transfer Denied
June 25, 1985.

Nancy Hentig Narrow, Public Defender, Benton, for movant-appellant.

William L. Webster, Atty. Gen., T. Chad Farris, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

The movant was charged with committing the class B felony of assault in the first degree on April 25, 1981, in that she knowingly caused serious physical injury to Doris Jean Liggett by throwing a liquid substance on her. On October 14, 1982, represented by counsel, she entered a plea of guilty to that charge. She was sen-

tenced to imprisonment for fifteen years. By her motion under Rule 27.26, she attacks that sentence.

The records of the case show that Liggett was the paramour of defendant's husband. On the day of the crime, the two women had an altercation on the telephone. Subsequently, the defendant prepared a lye mixture. She said she considered drinking that mixture. But, after driving around she went to a store or a storeroom where she found Liggett. The defendant threw the mixture in Liggett's face. Among other injuries, Liggett was permanently blinded. The record contains no explanation why the defendant was not charged and prosecuted for the commission of a class A felony.

This proceeding was commenced by the movant filing a pro se motion. As purported grounds for relief, that motion included numerous conclusory allegations of denial of rights, abstract statements of law and inappropriate citations. For example, she alleges, "her plea was not voluntarily made with understanding the nature and consequence of her plea, because the offense charged contained a lesser-included offense, i.e., Section 565.070, Assault in the third degree is a class A misdemeanor, a term not to exceed one (1) year."

Upon appointment, counsel filed an amended motion that incorporated the pro se motion and added two paragraphs of a similar nature that had been prepared by an inmate. This is not the function of counsel contemplated by Rule 27.26. Failure to perform as outlined by that rule need not be tolerated by trial courts. The proper procedure is outlined in *Pool v. State*, 634 S.W.2d 564 (Mo.App.1982). That procedure must be observed.

Nevertheless, as reflected by its judgment, the trial court carefully distilled the prolix amended motion, including the incorporated original motion. Each statement that even approached an allegation of a ground for relief was considered. Upon extensive findings of fact and conclusions of law, the trial court denied the amended motion without an evidentiary hearing.

The movant's one point on appeal is that a hearing was required because the amended motion stated facts which established the trial court erred in accepting movant's plea of guilty. That point then asserts such error is established by the statement of seven reasons why the plea was improperly accepted. The point was framed without reference to settled limitations upon recognized grounds for relief from a plea of guilty. However, each reason so stated will be considered, subject to those limitations.

■ Limitations upon an attack under Rule 27.26 upon a plea of guilty have been declared in countless cases. Upon entering a plea, a defendant waives all claims of error except those affecting the voluntariness and understanding with which he makes his plea. *Shelley v. State*, 655 S.W.2d 126 (Mo.App.1983). Any claims of ineffective assistance of counsel must be addressed only "to the extent that the alleged ineffectiveness of counsel bore upon the voluntariness, the knowledge and the intelligence with which the guilty plea was made." *Oerly v. State*, 658 S.W.2d 894, 896 (Mo.App.1983). In order to be entitled to an evidentiary hearing, (1) the movant must allege facts, not conclusions, warranting relief; (2) those facts must not be conclusively refuted by the files and records of the case; and (3) the matters complained of must have resulted in prejudice. *Merritt v. State*, 650 S.W.2d 21 (Mo.App.1983).

In this connection, the records of the case include a transcript of the guilty plea and a petition to enter the plea of guilty. The movant professed inability to read that petition. But, in the plea proceeding, she acknowledged counsel read it to her, she understood it, and she signed each page.

Movant's first stated reason is that she was not advised of her right to remain silent. By the petition she acknowledged her awareness of this right. In the plea proceeding, the trial court advised her of that right and she acknowledged she understood it. Her allegation of this reason,

which is conclusively refuted by the record, reflects the tenor of her motion.

Her second stated reason is that she did not understand the nature of the charge nor the existence of lesser included offenses. The conclusory nature of this allegation demonstrates it does not require an evidentiary hearing. *Careaga v. State*, 613 S.W.2d 863 (Mo.App.1981). However, it is appropriate to observe the following extract from the plea proceeding.

Q. Mrs. Freeman, you are charged with the Class B Felony of Assault in the First Degree. In that charge in the Information, it states that on or about April 25, 1981, in Scott County in this State, you knowingly caused serious physical injury to Doris Jean Liggett by throwing a liquid substance on Doris Jean Liggett resulting in severe burns to her face, neck and chest.

Now, the range of punishment for that crime is the penitentiary not less than 5 years nor more than 15 years. That's called the range of punishment, and that's what I can sentence you to if you plead guilty. Do you understand that?

A. Yes sir.

By the petition, she further acknowledged her understanding of the charge.

■ The statement she did not understand the existence of lesser included offenses is meaningless. The amended motion in no way pleads what were lesser included offenses under the facts established by the record. It in no way alludes to any materiality of such knowledge as related to how the offense occurred. This abstract statement did not require an evidentiary hearing. *Greenhaw v. State*, 627 S.W.2d 103 (Mo.App.1982). Further, to enter a voluntary and understanding plea of having committed an offense charged in clear, factual terms, it is not necessary that a defendant be instructed upon or be familiar with all facets of criminal law and procedure. *McIntosh v. State*, 627 S.W.2d 652 (Mo.App.1981).

For her third reason, movant states the plea proceeding did not show the "knowingly" element of the offense. Under this statement, she argues the transcript does not show she knew she would cause injury of such severity to the victim. She refers to counsel's statement that such was not intended. It was not necessary that she anticipate the exact injury that occurred. Her protestation has the same hollow ring as one who shoots another in a vital spot but disclaims knowledge the bullet would produce serious physical injury.

Also, vaguely connected to this reason, in argument she emphasized her statement in the transcript that after she threw the lye mixture she knew where she was. She now argues this statement demonstrates she did not know what she was doing. It is clear from the record she sought out the victim. At the plea both she and her counsel stated that she had no mental problems. In context, this statement is an expiating self-query concerning why she reacted so violently as to commit the destructive act. Compare *Bird v. State*, 657 S.W.2d 315 (Mo.App.1983).

■ Her remaining stated reasons are that counsel was ineffective in four respects. She does not allege how such ineffectiveness bore upon the voluntariness and knowledge with which she entered her plea. Because of this failure alone, the asserted ineffectiveness of counsel does not form the basis for an evidentiary hearing. *Careaga v. State*, supra.

Further, the vague allegation that counsel was ineffective for failure to explain lesser included offenses to her has been dealt with. The claim that he did not explain the nature of the charge and the consequences of the guilty plea is conclusory, *McIntosh v. State*, supra, and is conclusively refuted by the record. Even if the movant had not entered a plea of guilty, the statement her counsel was "ineffective for not investigating a possible defense," was so general it could not be considered. *Greenhaw v. State*, supra. Lastly, her allegation counsel did not plea bargain has no substance for several reasons. Obviously, it does not allege any prejudice from such failure. Certainly from the pleadings

and record there is no reason to think an attempt to so bargain would have been favorably entertained. The judgment is affirmed.

CROW, P.J., PREWITT, C.J., and TITUS and FLANIGAN, JJ. concur.