Vernon L. **CLARK, Movant-Appellant,**

v.

**STATE of Missouri,**
**Respondent-Respondent.**

No. 52535.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 21, 1987.

Motion for Rehearing and/or Transfer
Denied Sept. 2, 1987.

Application to Transfer Denied
Oct. 13, 1987.

James S. McKay, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Byrona J. Kincanon, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from an order denying his Rule 27.26 motion without an evidentiary hearing. We affirm.

In 1982, movant pled guilty to charges of second degree burglary and stealing more than $150.00. As a result of a plea bargain, the trial court sentenced movant to a one-year term in the St. Louis County Medium Security Institution on the burglary charge and seven years in the Department of Corrections on the stealing charge. The trial court suspended execution of the seven-year sentence for stealing and placed movant on probation for five years. On March 27, 1986, movant's probation was revoked, and the seven-year sentence was imposed.

In his Rule 27.26 motion, movant alleged ineffective assistance of counsel. The court, after making detailed findings of fact and conclusions of law, denied movant relief without an evidentiary hearing.

In his sole point on appeal, movant contends the motion court erred in denying his motion because:

in alleging that his attorneys had been unconstitutionally ineffective by failing to advise [him] concerning the consequences of a probation revocation (and the applicability of time served on probation to a subsequently executed sentence), [he] had alleged facts which, if true, would entitle him to relief since the attorneys' omissions made his guilty pleas, which were based on an agreement for probation, unknowing and involuntary.

Counsel does not have a duty to inform a defendant of all the collateral consequences of his guilty plea. *McIntosh v. State*, 627 S.W.2d 652, 655 (Mo.App. 1981). Thus a failure, if any, by counsel to inform a defendant of the consequences of probation revocation is an insufficient basis for an ineffective assistance claim. *See Cerame v. State*, 584 S.W.2d 174, 177–78 (Mo.App.1979); *Lewis v. State*, 650 S.W.2d 335, 336–37 (Mo.App.1983); *Davis v. State*, 680 S.W.2d 324, 325–26 (Mo.App.1984).

Although he does not mention it in his point relied on, in his motion and in the argument portion of his brief movant complains about the effectiveness of his counsel at the revocation hearing. A Rule 27.26 motion is not the proper procedure by which to challenge the effectiveness of counsel at a probation revocation hearing. *Lane v. State*, 710 S.W.2d 354, 355 (Mo. App.1986).

Here, there was no basis for relief under Rule 27.26, and the order of the court, denying the motion without an evidentiary hearing, was not clearly erroneous.

Judgment affirmed.

SMITH, P.J., and DOWD, J., concur.