**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Kevin Engler COWAN, Defendant-Appellant.**

**No. 42509.**

Missouri Court of Appeals, Eastern District, Division Three.

March 10, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1981.

James M. Martin, Mark R. Bahn, Martin, Bahn & Cervantes, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Steven W. Garrett, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

Appellant pleaded guilty and was convicted of leaving the scene of an accident in violation of §§ 564.450 and 564.460, RSMo 1969 [1] and was sentenced to one year in the St. Louis County jail. Appellant filed a motion to withdraw his guilty plea and vacate the sentence. He appeals from the trial court's denial of his motion.

Appellant asserts that the trial court erred in three respects when it denied the motion. First, appellant contends that the trial court did not follow the recommendation of the prosecuting attorney or the Division of Probation and Parole based on plea negotiations and that he was misled and induced to plead guilty by mistake; further that it would be manifestly unjust to sentence the appellant in the absence of a jury trial. Second, appellant argues the trial court erred in failing to inquire diligently into the appellant's expectations and assurances relating to punishment which would have revealed that appellant entered his plea of guilty on the assurance that he would receive a suspended imposition of sentence. Third, appellant urges that the trial court erred in not permitting him to withdraw his guilty plea because the plea was equivocal on its face. These points are ruled against appellant and the judgment affirmed.

Appellant's motion was made pursuant to Rule 27.25.[2] Appellate review of a denial of a motion to withdraw a guilty plea is limited to a determination whether the ruling of the trial court was clearly erroneous or whether there was an abuse of discretion, and the burden is on the appellant to prove by preponderance of evidence that the trial court erred in denying the motion. *State v. Neilsen*, 547 S.W.2d 153, 158[1–4] (Mo.App. 1977).

Appellant charges in his first point that he was misled into pleading guilty, that the trial court did not follow the recommendation of the prosecuting attorney or the probation and parole officer and that it would be manifestly unjust to sentence the appellant to imprisonment for one year. The point has no merit.

Appellant's position is that during the plea negotiations some agreement was reached that he would be given a suspended imposition of sentence or at the very least placed on probation. The record does not support this argument. No plea agreement was ever reached. The state made no sentence recommendation. The state initially

---

1. Superseded by §§ 577.060 and 558.011.1(4) in the Criminal Code, Laws 1977, effective January 1, 1979. The offense occurred on November 17, 1978.

2. Rule 27.25: "Plea of Guilty—Motion to Withdraw. A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

Effective January 1, 1980, Rule 27.25 was renumbered Rule 29.07(d).

An order denying a motion to withdraw a plea of guilty is an appealable order. *State ex rel. House v. White*, 429 S.W.2d 277, 281[6, 7] (Mo. App.1968).

had opposed a suspended imposition of sentence but later in the plea negotiations dropped its opposition. The prosecuting attorney at sentencing told the court the state had an open recommendation with no opposition to a suspended imposition of sentence.

The following questions were asked and answered during the guilty plea proceedings:

"Q. (by the Court) Mr. Cowan, you heard the prosecutor tell us what the range of punishment is for this particular offense. Do you realize on a plea of guilty I can sentence you to the maximum or to the minimum amount or anywhere in between?

A. Yes, Sir.

Q. And you still wish to enter a plea of guilty considering this?

A. Yes, Sir."

Appellant says he was misled and induced to plead guilty by mistake, but the record does not disclose any promises or agreements which would justify appellant in a belief that he was assured of a suspended imposition of sentence or probation. Perhaps his counsel wanted to believe this, but there was no promise or agreement, only an understanding that the state would have an open recommendation. Appellant said he understood he could receive the maximum or minimum sentence or anywhere in between.

The only evidence of mistake or a misleading of the appellant during the plea negotiations was appellant's own subjective statements during the hearing on the motion to withdraw the guilty plea and the subjective statements of counsel.

The trial court had no recommendation from the prosecuting attorney to follow. The probation and parole officer recommended probation with a stipulation that the client attend Alcoholics Anonymous. There was no requirement that the trial court follow that recommendation. In fact, however, the trial court did in its sentencing state that it would review the case in 60 days with the prospect of granting parole at the end of 60 days.

The presentence investigation also disclosed that appellant had had an arrest for driving while intoxicated on October 18, 1976 for which he was given a suspended imposition of sentence and placed on probation for one year and that at the time of the investigation of the current charge he had a pending driving while intoxicated charge in Crestwood, St. Louis County, Missouri.

Appellant relies on two cases to support this point, *Schellert v. State*, 569 S.W.2d 735 (Mo. banc 1978) and *State v. Williams*, 361 S.W.2d 772 (Mo. banc 1962). These cases are distinguishable. In *Schellert* the state actually made a recommendation of probation instead of making an open recommendation as it did in the case under review.

In *Williams* the charge involved was rape and the defendant was sentenced to death on his plea of guilty entered after the state had withdrawn its charge against the defendant under the habitual criminal statute. Withdrawal of a charge under the habitual criminal statute is different from withdrawal of opposition to a suspended imposition of sentence.

There was no manifest injustice because there was no defective plea. Appellant's first point is ruled against him.

■ Appellant next complains that the trial court erred in accepting appellant's guilty plea without first inquiring into the appellant's expectations and assurances relating to punishment. This point also has no merit.

Appellant relies on *Flood v. State*, 476 S.W.2d 529 (Mo.1972). In that case, in a concurring opinion, Judge Donnelly suggested a trial court procedure for conducting a guilty plea hearing taken from *U. S. v. Cody*, 438 F.2d 287 (8th Cir. 1971).

Although this court is not bound by the concurring opinion, the trial court's interrogation of appellant when the guilty plea was accepted was sufficiently intensive to satisfy the requirements set forth in the *Flood v. State* concurring opinion. The plea was intelligently and voluntarily made. *McMahon v. State*, 569 S.W.2d 753, 758[1–4] (Mo. banc 1978).

Appellant contends in his third point that it was error to deny the motion to withdraw the guilty plea because the plea was equivocal on its face. This point is also not well taken.

At the hearing on the acceptance of the guilty plea the prosecuting attorney related the facts of the offense and appellant agreed that the facts related by the prosecutor were substantially true. Appellant left the scene of the accident, although he requested another person to obtain assistance for the victim. Appellant did not identify himself as the person who was driving the automobile which had struck the victim. It was only after the police came to his house in the early morning hours that he admitted his complicity. He did in fact leave the scene of the accident in violation of the statute. § 564.450, RSMo 1969.[3]

Appellant admitted that he left without stopping and giving his name, residence, street number and license number to the nearest police or judicial officer. Appellant was aware of the nature and elements of the charge to which he pleaded guilty. *Jones v. State*, 581 S.W.2d 386, 388[1, 2] (Mo.App.1979). Appellant's final point is ruled against him.

The judgment is affirmed.

CRIST, P. J., and REINHARD, J., concur.

---

**3.** Section 564.450: "Leaving scene of motor vehicle accident.—No person operating or driving a vehicle on the highway knowing that an injury has been caused to a person or damage has been caused to property, due to the culpability of said operator or driver, or to accident, shall leave the place of said injury, damage or accident without stopping and giving his name, residence, including city and street number, motor vehicle number and chauffeur's or registered operator's number, if any, to the injured party or to a police officer, or if no police officer is in the vicinity, then to the nearest police station or judicial officer."