**John Michael KOCH, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 43556.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 27, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 20, 1981.

Christine Miller Hendrix, Asst. Public Defender, St. Charles, for movant-appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

SNYDER, Judge.

Movant appeals from the judgment denying his Rule 27.26 motion to vacate his conviction of and sentence for sale of a controlled substance, §§ 195.020 and 195.-200, RSMo Supp.1975. Movant was convicted upon a guilty plea. The judgment is affirmed.

Appellate review of the trial court's judgment on a Rule 27.26 motion is limited to a determination whether the trial court's judgment is clearly erroneous. Rule 27.-26(j). *Spencer v. State*, 615 S.W.2d 660, 661[1] (Mo.App.1981).

Movant asserts in one of his points relied on that his guilty plea was involuntary because he was not informed of the provisions of § 195.221, RSMo Supp.1975. That statute provides that when a person who has been convicted of selling a controlled substance is released from a state penal institution by the board of probation and parole, the period of parole shall not be less than the completion of the original sentence plus five years. The failure to inform a criminal defendant of the special parole term mandated in § 195.221, RSMo Supp.1975 does not render a guilty plea unintelligent or involuntary because the ap-

plication of the statute is contingent, becoming effective only if a parole should be granted. *Cerame v. State,* 584 S.W.2d 174, 178[4] (Mo.App.1979). Movant's point is ruled against him.

Movant raises two other points, but a thorough review of the transcript, legal files and the cases cited in the parties' briefs leads this court to conclude that the trial court's judgment was not clearly erroneous and that an extended opinion would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

REINHARD, P. J., and CRIST, J., concur.