James E. LAWRENCE,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 12861.

Missouri Court of Appeals,
Southern District,
Division One.

March 24, 1983.

Thomas C. Mann, Mann & Ward, Joplin, for movant-appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

TITUS, Judge.

Movant herein, then defendant, via two informations filed in the Circuit Court of Jasper County, was charged with having committed assault in the first degree and robbery in the first degree on December 29, 1979. On February 25, 1980, movant appeared in court with counsel, filed a written petition to enter pleas of guilty in the two cases and, following meticulous interrogation by the court, the guilty pleas were accepted. During the guilty plea hearing a prior plea bargaining agreement was thoroughly discussed and, in exact accord therewith, the court sentenced movant to 20 years in the Department of Corrections in each case, with the two 20-year sentences to run concurrently with each other and also "concurrently with the ten year sentence imposed by the Circuit Court of Jackson County, Missouri, for which defendant is now on probation."

On November 25, 1981, movant's pro se Rule 27.26, V.A.M.R. motion was filed. Counsel was appointed, who then filed an amended motion March 8, 1982. An evidentiary hearing on the motion was conducted June 15, 1982, following which the court prepared and filed its written findings of fact and conclusions of law overruling the motion. Movant appealed.

Movant's Rule 27.26 motions raised but two grounds for vacating the sentences, i.e., (1) that the plea bargaining agreement was not kept and (2) his counsel was ineffective for having failed to advise movant of a possible defense based on intoxication under § 562.076, V.A.M.S. A third ground not written in the motion but injected into the evidentiary hearing without objection by the state, was that at the time the guilty pleas were entered movant did not understand all of what was happening because movant was under the influence of medication in the form of Fiorinal. Upon appeal only the third ground, supra, is urged for reversing the trial court. Consequently, we limit our review to the contention asserted in the trial court and thereafter briefed on appeal. *Dixon v. State,* 604 S.W.2d 782–783[1] (Mo.App.1980).

The ground rules for us on appeal, inter alia, include the following. Credibility of witnesses, including movant, is for the trial

court's determination and Rule 27.26 motion allegations are not self-proving. *Johnson v. State,* 615 S.W.2d 502, 505–506[2–7] (Mo. App.1981). On appeal from the denial of a Rule 27.26 motion, we are limited to a determination as to whether the trial court's findings of fact, conclusions and judgment are clearly erroneous. *Brager v. State,* 625 S.W.2d 892, 894[1] (Mo.App.1981); *Joiner v. State,* 621 S.W.2d 336, 338[1] (Mo.App.1981). Also, before we may reverse the court nisi we must be definitely and firmly convinced that the trial court made a mistake. *Ladd v. State,* 621 S.W.2d 543, 544[1] (Mo.App. 1981).

During the court's interrogation of movant, then defendant, before acceptance of the guilty pleas, movant said he was "not on any kind of medicine, alcohol or drugs" except "Fiorinal, for relaxing. I have been having real bad headaches." In the questioning movant revealed that the county physician had prescribed "the Fiorinal four times a day."[1] When asked by the court if the Fiorinal made it hard for movant "to understand what people are saying to you" or "hard for you to think and reason and figure things out," movant said "No." Also, when the court inquired, "Do you feel like this morning here that your mind is clear and you can understand everything that I am telling you and asking you," movant answered, "Yes, sir."

At the Rule 27.26 hearing movant said he did not understand everything that transpired when his pleas of guilty were made "because I have not much education at all." However, there was no positive or direct testimony on movant's part that the effects, if any, of the Fiorinal had any bearing on his alleged inability to fully comprehend the entire proceeding. Moreover, movant acknowledged that he understood that the sentence imposed on each crime would "run concurrently" as was done.

After carefully considering the matter, this court is unable to come by any convic-

tion, let alone a firm and definite one, that the court nisi was in any way mistaken in overruling the motion in this case. That being so, the action of the court below is affirmed.

FLANIGAN, P.J., GREENE, C.J., and CROW, J., concur.

---

1. The 37th Edition of Physicians' Desk Reference, pp. 1764–1765, tells us that Fiorinal tablets and capsules contain butalbital, aspirin and caffeine and are prescribed "for the relief of the symptom complex of tension (or muscle contraction) headache." Daily dosage should not "exceed six tablets or capsules." Movant was taking but four.