Ollie Lee JACKSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 45722.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 26, 1983.

Motion For Rehearing and/or Transfer
Denied July 6, 1983.

Application to Transfer Denied
Aug. 16, 1983.

David B. Agnew, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., George Peach, Circuit Atty., Jefferson City, Douglas Forsyth, Asst. Circuit Atty., St. Louis City, for respondent.

CRIST, Judge.

Appeal from the denial of movant's motion to withdraw his guilty plea pursuant to Rule 29.07(d). We affirm.

Movant was charged with first degree assault. The trial began on April 20, 1981. On April 21, 1981, plea negotiations resulted in defendant accepting the state's plea bargain offer. The trial court then proceeded to conduct the guilty plea hearing pursuant to Rule 24.02. Movant was sentenced to ten years imprisonment. On May 29, 1981, movant filed a motion to withdraw his plea. The hearing was held on November 6, 1981.

■ After imposition of sentence, the trial court may set aside the judgment of conviction and permit the defendant to withdraw his guilty plea only to correct manifest injustice. Rule 29.07(d). Movant complains he was the victim of manifest injustice because he did not understand the nature of the charge at the time he entered his guilty plea in that he raised a justification, which if proved, would constitute a defense of the charge alleged.

■ In an appeal of a denial of a motion to withdraw a guilty plea, the burden is on the movant to prove by a preponderance of the evidence that the court erred in overruling his motion. *State v. Nielsen,* 547 S.W.2d 153, 158 (Mo.App.1977). Appellate review is limited to a determination of whether the ruling of the trial court was

clearly erroneous or an abuse of discretion *Id;* Rule 27.26(i), (j).

■ A review of the transcript of the guilty plea hearing reveals movant understood the nature of the charge and entered his guilty plea to the first degree assault charge voluntarily. Movant disagrees however, arguing his lack of understanding of the nature of the charge is evidenced in his reference, at the hearing, to facts that might have supported the defense of justification.

At the guilty plea hearing, movant recountered that at the time of the stabbing, "the only thing I was concerned about was my safety." Movant alleges the trial court erred in its failure to further inquire into this possible claim of self-defense.

The fact that defendant may have had a viable self-defense claim in no way proves he did not understand the nature of the charges brought against him and that he did not voluntarily and intelligently waive all defenses in pleading guilty. *Rice v. State,* 585 S.W.2d 488, 493–494 (Mo. banc 1979). The trial court found, and the record shows that it was a reasonable decision on the part of movant and his attorney to plead guilty rather than risk conviction and a sentence substantially greater than the ten years recommended by the state.

■ The transcript on appeal shows movant waived his right to litigate the issue of self-defense when he voluntarily and intelligently entered his guilty plea. In accepting movant's guilty plea, the trial court had no duty to inquire into defenses movant had elected not to assert at trial. *Id.*

Judgment affirmed.

CRANDALL and REINHARD, JJ., concur.