STATE of Missouri,
Plaintiff-Respondent,

v.

Jeffrey GALVAN, Defendant-Appellant.

No. 47993.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 5, 1985.

Hale W. Brown, Kirkwood, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, for plaintiff-respondent.

GAERTNER, Judge.

Defendant pled guilty to two counts of possession of a controlled substance, § 195.020, RSMo.1978. Prior to sentencing, defendant filed a motion to withdraw his guilty plea. The court denied his motion and sentenced defendant to four years on each count to run consecutively. From the denial of his motion, defendant appeals. We affirm.

In reviewing the record of the guilty plea proceedings held on February 9, 1983, the following facts are revealed.

Defendant stated that he wished to withdraw his previous plea of not guilty and enter a plea of guilty to the two counts of possession. The court informed him he would have to ask him questions to determine if his guilty plea was knowingly, intelligently and voluntarily made. Defendant's attorney informed the court that defendant was under the care of a physician and on medication. Counsel further stated he "was convinced [defendant] knows what he's doing." Defendant's wife was also present and questioned by the court. She agreed that defendant was competent and knew what he was doing.

Defendant testified he was taking Valium, Mellarel and Decapryn. He also said

he had taken two Contacts for his cold. Defendant stated he understood what he was doing even though he was on medication. However, at various times during the proceedings, defendant was hesitant in admitting his guilt and professed his innocence. The court continued to inform defendant that he could withdraw his guilty plea and have a jury trial if he desired. Defendant declined to do so. The court then suggested, explained and offered an Alford plea to defendant. Defendant understood this concept and entered an Alford plea of guilty. Defendant further testified he was "tired of going to trial" and "thought he could get a better deal [by pleading]." [1]

At the close of the proceedings the court ordered a pre-sentence investigation and delayed formal sentencing. On November 7, 1983, the sentencing was held. The delay was attributed to defendant having been admitted to a drug treatment program and the court having waited for a copy of the doctor's report. At this time defendant moved the court to allow him to withdraw his previous plea of guilty. Defendant's motion was denied, and sentence was pronounced.

Defendant contends that at the time of the guilty plea proceedings he was under the influence of drugs and as such his plea was not knowingly, intelligently nor voluntarily made.

■ The principles of appellate review of a denial of a motion to withdraw a guilty plea are firmly entrenched in Missouri. Only if the trial court's ruling was erroneous or if there was an abuse of discretion will the plea be set aside. *State v. Cowan,* 615 S.W.2d 510, 511 (Mo.App.1981); *State v. Nielson,* 547 S.W.2d 153, 158 (Mo.App. 1977). The burden of proof rests on the defendant to show by a preponderance of the evidence that the trial court was incorrect in denying his motion. *Jackson v. State,* 654 S.W.2d 105 (Mo.App.1983). Ultimately the question to be answered is

whether the plea was voluntarily and intelligently made. *Nielson,* 547 S.W.2d at 159. If it was, then the trial court did not abuse its discretion in denying the motion and the guilty plea will stand.

■ On several occasions defendant stated he understood what was going on at the guilty plea proceedings. Additionally, both defendant's wife and counsel stated they felt defendant knew what he was doing. There is no indication in the record that the prescription medication defendant was taking affected his mental capacity. His responses to the court's questions were lucid and coherent. However, defendant asserts that he was at that time addicted to drugs. But the mere addiction to or ingestion of drugs "does not in and of itself render one incompetent to plead guilty." *Gillespie v. State,* 655 S.W.2d 830, 831 (Mo.App.1983). The court was fully apprised of the medication prescribed to defendant at the time of the proceedings. Defendant was extensively questioned by the court as to the effect the medication he was on had on his ability to comprehend the proceedings. His only response was "on that medication I have to ask things over, you know." Except for that statement, there is no evidence in the record that defendant did not understand or realize what he was doing. Furthermore prior to sentencing defendant underwent treatment in a drug program and the doctor's report and findings were sent to the court to be considered in the sentencing. Although the report was not before this court, the trial judge reviewed it and did not find any evidence within it to warrant the withdrawal of the guilty plea. Additionally, defendant did not cite any information contained in the report that would substantiate his contention that he did not know what he was doing. Moreover, at the guilty plea proceedings, when the Alford plea was explained to defendant, he readily understood and indicated he preferred to plead in this manner given the facts of his case. The latter is another

---

**1.** The transcript indicates he had recently been tried and acquitted three times on unrelated charges.

demonstration that defendant's mental capacity was not being clouded by the medication.

■ Defendant next asserts that in addition to the drugs, the hesitant manner in which he pled guilty was indicative that he was not making a knowing, voluntary and intelligent plea. A guilty plea can be accepted where there is no admission of guilt or where there are declarations of innocence. *State v. Jackson*, 651 S.W.2d 547, 549 (Mo.App.1983). In reviewing the record of the guilty plea proceedings there is no evidence that defendant's plea was equivocal. He was fully aware of all the elements of the charges against him. Defendant was able to recount the facts of the incident. He further indicated to the court that he was pleading guilty via an Alford plea because the state had the necessary evidence to convict him if he went to trial, thus implying this was his best alternative.

Finally, at the time of his motion to withdraw his plea of guilty, defendant produced no evidence other than his personal allegations that he was under the influence of drugs and they affected his ability to understand. There being no evidence to support defendant's contention, the trial court was not erroneous in denying the motion. *Lawrence v. State*, 649 S.W.2d 263, 264 (Mo.App.1983). Defendant's point is denied.

Having reviewed the record, there is sufficient evidence that the plea was knowingly, voluntarily and intelligently made. The judgment of the trial court is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.