Gerald HAZEN, and Charles G. Hazen, Movants-Appellants,

v.

STATE of Missouri, Respondent.

Nos. 13723, 13724.

Missouri Court of Appeals, Southern District, Division One.

July 23, 1985.

Michael Radosevich, Columbia, for movants-appellants.

William L. Webster, Atty. Gen., Gary L. Gardner, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Movants, Gerald Hazen and his father, Charles Hazen, were jointly charged with first degree robbery, § 569.020.[1] Pursuant to a plea bargain agreement, Gerald en-

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

tered a guilty plea to a reduced charge of second degree burglary, § 569.030, and received a 10-year sentence. Charles entered a guilty plea to the first degree robbery charge and was sentenced to 15 years' imprisonment. No direct appeal was taken by either man.

Both men actively participated in the robbery of a service station in Phelps County, during which Charles assaulted the station attendant with a rubber mallet.

Each man later filed motions to vacate their sentences pursuant to Rule 27.26. The motions, as amended, alleged a plethora of wrongs, including charges that the trial attorney who represented both men, coerced them into pleading guilty, had a conflict of interest in representing both men, and rendered ineffective assistance of counsel through the giving of poor advice concerning the case and the guilty pleas.

At the movants' request, the motion court consolidated their cases and conducted an evidentiary hearing, after which it made written findings of fact and conclusions of law and entered separate judgments denying the 27.26 motions. Both movants appealed, and we have consolidated their cases here.

Appellate review of the denial of a Rule 27.26 motion is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Lawrence v. State*, 649 S.W.2d 263, 264 (Mo.App.1983). Where, as here, an evidentiary hearing is held on contested fact issues, the credibility of witnesses and the resolution of conflicts in testimony are matters to be determined by the motion court. *Willen v. State*, 648 S.W.2d 134, 136 (Mo.App.1983).

The motion judge found that 1) the informations filed against both men, to which they entered guilty pleas, were valid, legal and sufficient, 2) that their attorney had no conflict of interest in representing both men as there was no intent expressed by the state, or either man, to use one man as a witness against or in behalf of the other, 3) their attorney did not threaten, coerce, or intimidate them into lying, or entering guilty pleas, and both men were adequately represented by competent counsel throughout all stages of the proceedings, 4) before entering their guilty pleas, both men were advised by the trial court and by their attorney as to the charges against them, the ranges of punishment that could be assessed, and their legal rights, 5) they understood the proceedings, the charges against them, the range of punishment, their constitutional and legal rights, and the effect and result of their pleas of guilty, 6) both guilty pleas were knowingly and voluntarily entered and were not the result of threats, coercion, or undue influence, 7) their testimony and statements given at the guilty plea hearings were true and correct, 8) no prior convictions of Charles were presented to, or considered by, the sentencing court and 9) there was no conspiracy to deny Charles a fair trial.

There is substantial evidence in the record to sustain each of these findings. In the transcript of their guilty pleas, as well as in their written petitions to the trial court requesting permission to plead guilty, both men acknowledged that they understood the charges against them, stated, in their own handwriting, the acts they had performed that were the basis of the robbery charges, asserted they knew the range of punishment that could be assessed if they pled guilty, acknowledged that their constitutional rights had been explained to them, stated they had not been coerced into pleading guilty, and indicated that they were satisfied with the services of their attorney and were pleading guilty to the charges because they were guilty of them.

Movants, at the motion hearing, attempted to explain away this evidence by saying they lied to the trial judge when they testified under oath at their guilty plea hearings and when they submitted their petitions to plead guilty. Their only explanation for the alleged perjured testimony was that their lawyer had told them to lie, which the attorney denied. The motion judge had a right to disbelieve the self-proclaimed liars, and evidently did so.

We have reviewed the record and determine that the motion court's findings, conclusions and judgments are supported by the record and are not clearly erroneous.

Both judgments are affirmed.

TITUS, P.J., and FLANIGAN, J., concur.

---

**1.** Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.