498 So.2d 832 (1986)
Eddie PRESLEY
v.
STATE of Mississippi.
No. 57449.
Supreme Court of Mississippi.
November 19, 1986.
Eddie Presley, pro se.
Edwin Lloyd Pittman, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, C.J., and DAN M. LEE and SULLIVAN, JJ.
WALKER, C.J., for the Court:
This is an appeal from the Circuit Court of Lowndes County, Mississippi, wherein an order was issued April 4, 1986 denying appellant's motion to withdraw his guilty plea and vacate his conviction and sentence, hence this appeal.
On May 27, 1975 the appellant, Eddie Presley, entered a plea of guilty in Lowndes County to the crime of escape. Upon a finding that this plea was freely and voluntarily entered the appellant was sentenced to serve a term of two (2) years in the custody of the Mississippi Department of Corrections. Thereafter, the appellant was convicted in May of 1982 on a charge of armed robbery and sentenced as an habitual criminal to serve a term of forty (40) years in the custody of the Mississippi Department of Corrections. Used to enhance his punishment were his 1975 conviction for escape and a 1974 conviction of the crime of robbery for which appellant was sentenced to twelve (12) years in the custody of the Mississippi Department of Corrections.
The appellant appealed from the May 1982 conviction and sentence. This Court affirmed his conviction in Presley v. State, 474 So.2d 612 (Miss. 1985), however, we vacated his sentence and remanded for a resentencing hearing. In that case the appellant challenged the imposition of the forty (40) year sentence on the basis it constituted cruel and unusual punishment. In deciding that case this Court noted, "it was conceded that appellant is an habitual offender as defined by the statute."
On March 26, 1986 the appellant filed his motion to withdraw his guilty plea to the charge of escape entered in May of 1975 and to vacate his conviction and sentence. He alleged that his plea of guilty entered on the escape charge in 1975 was obtained in violation of his Fifth and Fourteenth Amendment rights. The lower court reviewed the pleadings and overruled his motion without an evidentiary hearing. Although the appellant has raised several assignments of error the gist of his argument centers on one issue; that he was not informed by counsel or the court that his conviction, based on an entry of a guilty plea to the charge of escape, could subsequently be used to enhance his punishment for future convictions. We note that at the time Presley entered his plea the habitual offender statute § 99-19-81 of the Mississippi Code Annotated was not in existence. The statute took effect January 1, 1977, *833 almost two (2) years after the appellant plead guilty to the charge of escape. Furthermore, the appellant did not challenge his conviction or sentence for the crime of escape until it was used for purposes of sentencing him as a recidivist.
Assuming the statute was in effect in 1975 the lower court was under no duty to inform a defendant, who wished to enter a guilty plea, that the conviction could later be used to enhance future punishment if he committed other crimes. Just as a defendant is not entitled, as a constitutional right, to full parole information at or before entry of a guilty plea, Ware v. State, 379 So.2d 904 (Miss. 1980), he is not entitled, as a right, to information regarding the future use of his conviction for purposes of enhancement. It is not a consequence of his plea of which he must be informed.
We are of the opinion the lower court did not err in denying the appellant's motion to withdraw his guilty plea and vacate his conviction and sentence and hereby affirm.
AFFIRMED.
ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.