**STATE of Missouri,**
**Plaintiff–Respondent,**

v.

**Ricky Joe ABERNATHY,**
**Defendant–Appellant.**

**No. 15735.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 6, 1989.

E.E. Edwards, III, Nashville, Tenn., Donald R. Cooley, Springfield, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

The defendant, Ricky Joe Abernathy, pursuant to a plea bargain, pled guilty to a charge of driving while intoxicated, third offense. A presentence investigation was ordered. Before sentencing the defendant filed a motion to withdraw his plea. The motion was denied. He was sentenced to imprisonment for two years. He appeals from the denial of his motion to withdraw his plea.

The defendant's point on appeal is that the trial court erred in denying that motion because for two reasons his plea was not "intelligently and understandingly entered."

The principles of appellate review of a denial of a motion to withdraw a guilty plea are firmly entrenched in Missouri. Only if the trial court's ruling was erroneous or if there was an abuse of discretion will the plea be set aside. *State v. Cowan*, 615 S.W.2d 510, 511 (Mo.App. 1981); *State v. Nielsen*, 547 S.W.2d 153, 158 (Mo.App.1977). The burden of proof rests on the defendant to show by a preponderance of the evidence that the trial court was incorrect in denying his motion. *Jackson v. State*, 654 S.W.2d 105 (Mo.App.1983). Ultimately the question to be answered is whether the plea was voluntarily and intelligently made. *Nielsen*, 547 S.W.2d at 159. If it was, then the trial court did not abuse its discretion in denying the motion and the guilty plea will stand.

*State v. Galvan*, 685 S.W.2d 612, 613 (Mo. App.1985).

The defendant first argues his plea was not intelligently and understandingly entered because he did not know his conviction for the felony of driving while intoxicated, third offense, could be shown to impeach him if he testified in the trial of a drug charge pending in Tennessee. He asserts the trial court was derelict in not informing him of this consequence. He also contends that he received ineffective assistance of counsel for the same reason.

■ "What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 243–44, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 280 (1969). That principle

is reflected in Rule 24.02 and comparable Federal Rule of Criminal Procedure 11. However, the requirement of the principle does not extend to collateral consequences. "Applying Rule 11, the weight of authority holds that consequences which do not relate to the length and nature of a federal sentence are not such direct consequences as need to be addressed prior to the acceptance of a guilty plea." *United States v. Jackson*, 627 F.2d 883, 884 (8th Cir.1980), cert. denied, 449 U.S. 998, 101 S.Ct. 540, 66 L.Ed.2d 297 (1980). "Rule 11 requires advice concerning only the direct consequences of a guilty plea, ... and in no event requires advice that the conduct underlying the plea may become a predicate act for criminal offenses...." *United States v. Persico*, 774 F.2d 30, 33 (2nd Cir.1985) (citations omitted). Also see *Huffman v. State*, 703 S.W.2d 566 (Mo. App.1986); *Koch v. State*, 625 S.W.2d 194 (Mo.App.1981); *Cerame v. State*, 584 S.W. 2d 174 (Mo.App.1979).

As for the collateral consequences of which the defendant need not be warned, they include such matters as the diminished reputation or other adverse social consequences which may follow conviction, loss of the right to vote, loss of a passport and the opportunity to travel abroad, and loss of a business license or driver's license.

LaFave & Israel, 2 Criminal Procedure § 20.4(d) (1984) (footnotes omitted). The term has also been held to include the five-year extension of a parole period for drug offenses, *Koch v. State*, supra; *Cerame v. State*, supra; provision for conditional release, *Lewis v. State*, 650 S.W.2d 335 (Mo.App.1983); and an enhanced punishment upon a subsequent conviction, *State v. Garritsen*, 371 N.W.2d 251 (Minn. App.1985); *Presley v. State*, 498 So.2d 832 (Miss.1986). The authorities are split on mandatory deportation. *United States v. Campbell*, 778 F.2d 764 (11th Cir.1985). The fact the defendant's conviction for driving while intoxicated, third offense, may be used in Tennessee to impeach the defendant in the event he testifies in the trial of a pending offense is such a collateral consequence. The trial court was under no duty to advise the defendant of that consequence.

■ It is also generally held that in the absence of exceptional circumstances, counsel has no duty on his own initiative, to advise a criminal client of such collateral consequences. "Nor do we know of any Missouri law or precedent which requires that the defendant be instructed in the collateral consequences of his guilty plea in order for the plea to 'stick'." *McIntosh v. State*, 627 S.W.2d 652, 655 (Mo.App.1981). "Accordingly, counsel's failure to advise the defendant of the collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance." *United States v. Campbell*, supra, at 768. Also see *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Clark v. State*, 736 S.W.2d 483 (Mo.App. 1987).

A different rule applies if a client inquires concerning a collateral consequence. "Here, though parole eligibility dates are collateral consequences of the entry of a guilty plea of which a defendant need not be informed if he does not inquire, when he is grossly misinformed about it by his lawyer, and relies upon that misinformation, he is deprived of his constitutional right to counsel." *Strader v. Garrison*, 611 F.2d 61, 65 (4th Cir.1979). If counsel affirmatively gives a criminal client erroneous advice, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)," and whether or not the defendant was prejudiced. *Hill v. Lockhart*, supra, 474 U.S. at 56, 106 S.Ct. at 369, 88 L.Ed.2d at 208.

The defendant did not allege and does not claim that he was given erroneous advice concerning the possible use of his conviction for driving while intoxicated, third offense, for the purpose of impeaching his testimony. The defendant's first reason has no merit.

■ The defendant also argues that his plea was not "intelligently and under-

standingly" entered because counsel did not advise him of information relevant to his defense. In making that argument, the defendant refers to the following facts. Defense counsel represented a farmer in civil rights litigation in a federal court against the highway patrolman who had arrested the defendant. The jury returned a verdict in favor of the farmer. The defendant argues that this verdict established that the arresting officer gave false testimony under oath and that verdict could be used to impeach the credibility of the arresting officer. The defendant cites no authority to establish that the result of the civil litigation could be used to attack the credibility of the arresting officer. Counsel's failure to advise the defendant of an unavailable attack upon that credibility did not result in a plea that was not intelligently entered within the constitutional requirement. Cf. *Brown v. State*, 719 S.W.2d 52 (Mo.App.1986). The trial court did not abuse its discretion in denying the defendant's motion to withdraw his plea. The judgment is affirmed.

FLANIGAN, P.J., and HOGAN, J., concur.